UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
| | | |
|---|---|---|
| PATIENCE PEPPER, | : | CASE NO.: |
| | : | |
| Plaintiff, | : | JUDGE: |
| | : | |
| vs. | : | MAGISTRATE: |
| | : | |
| PURPLE CLOTH PROPERTIES, LLC, | : | COMPLAINT |
| | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

---------------------------------------------------------x

## COMPLAINT

Plaintiff, Patience Pepper, by and through her undersigned counsel, hereby files this Complaint and sues Purple Cloth Properties, LLC (hereinafter collectively referred to as "Defendant") for actual and nominal damages and attorneys' fees and costs, pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and state law and alleges:

### INTRODUCTION

1. Plaintiff Patience Pepper seeks relief for housing discrimination on the basis of disability arising from Defendant's refusal to rent or lease on the basis of disability and/or failure to provide a reasonable accommodation that was necessary for Ms. Pepper to use and enjoy a dwelling. Ms. Pepper has Post Traumatic Stress Disorder and uses a service dog to accommodate her disability.

2. On February 27, 2022, Defendant, through its employee/agent, denied Ms. Pepper the ability to lease or rent an apartment at the Courtyard Apartments, located at approximately 1419 Lynn Street, Thibodeaux, LA 70301 (also known as 1419 Lynn Avenue) specifically because she possesses a service dog named "Stevie" (the "Service Animal"). By refusing to rent or lease to Ms. Pepper on account of her Service Animal, Defendant violated Ms. Pepper's rights under the

1

Fair Housing Act and is civilly liable for damages and attorneys' fees/costs. Defendant also engaged in negligent supervision of and training of employee Jeanne in violation of state law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 3613(a)(1).

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Lafourche Parish, Louisiana.

5. This Court has jurisdiction over Plaintiff's state law claim as it arises from the same operative facts as Plaintiff's federal claim.

## PARTIES

6. Plaintiff Patience Pepper is a person of the full age of majority and a resident of Lafourche Parish, Louisiana.

7. Ms. Pepper is an individual with a disability. Specifically, Ms. Pepper has Post Traumatic Stress Disorder. Ms. Pepper receives medical care for her condition from a licensed Louisiana physician.

8. Ms. Pepper's physician has concluded that Ms. Pepper "requires the assistance of a service dog" which is "necessary for her condition" as it "provides assistance that allows her to perform necessary life functions."

9. Ms. Pepper is an individual with disabilities that substantially limit one or more life activities, qualifying her as disabled under the Fair Housing Act.

10. Ms. Pepper's Service Animal successfully completed an in-person service dog training and received a certificate to that effect.

11. Ms. Pepper's Service Animal is individually trained to perform a task for Ms. Pepper related to manifestations of Ms. Pepper's disability.

12. Additionally, the Service Animal provides therapeutic emotional support to Ms. Pepper.

13. Ms. Pepper resides in Lafourche Parish, Louisiana.

14. Defendant, Purple Cloth Properties, LLC, is the owner and operator of Courtyard Apartments, located at approximately 1419 Lynn Street, Thibodeaux, LA 70301 (also known as 1419 Lynn Avenue).

15. Defendant is a limited liability company that is domiciled and doing business in Louisiana.

16. Upon information and belief, Purple Cloth Properties, LLC was the record owner of Courtyard Apartments at all times relevant to this Complaint and remains the owner of Courtyard Apartments at the time of the filing of this Complaint.

17. Upon information and belief, agents and/or employees of Defendant have acted as on-site manager(s) of Courtyard Apartments at all times relevant to this Complaint.

18. Upon information and belief, agents and/or employees of Defendant have authority to make leasing and occupancy decisions regarding the apartments at Courtyard Apartments.

19. Defendant is obligated to comply with the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and its implementing regulations, 24 C.F.R. § 100.1 *et seq.*, in regards to its ownership and/or management of Courtyard Apartments.

## STATEMENT OF FACTS

### The Property

20. Courtyard Apartments, located at approximately 1419 Lynn Street, Thibodeaux, LA 70301 (also known as 1419 Lynn Avenue). The property is an apartment complex open to the

general public. Defendant advertises online that apartments are available for lease or rent.

21. Courtyard Apartments is a dwelling subject to the Fair Housing Act, 42 U.S.C. § 3602(b) and subject to no exception under 42 U.S.C. § 3603(b). The individual units at Courtyard Apartments are also a dwelling subject to the Fair Housing Act ("FHA"), 42 U.S.C. § 3602(b) and subject to no exception under 42 U.S.C. § 3603(b).

22. This action concerns Defendant's refusal to rent or lease to Ms. Pepper on account of her Service Animal. Alternatively, this is an action for Defendant's refusal to make a reasonable accommodation as to its policy banning dogs, which also violates the FHA.

### Defendant's Refusal to Rent or Lease to Ms. Pepper On Account of Her Service Animal and/or Failure to Accommodate Her Disability

23. In February of 2022, Ms. Pepper was searching for a new apartment in the Thibodeaux area.

24. Ms. Pepper located the Courtyard Apartments Apartment complex and inquired as to availability.

25. Ms. Pepper communicated with the employee managing said apartment complex via text message. Ms. Pepper received pre-approval to rent an apartment at the complex and was sent a link to a banking app to complete payment.

26. Ms. Pepper had two monetary sums deposited into her bank account and one withdrawn, as part of the banking verification process associated with rental/leasing of an apartment at the Courtyard Apartments Apartment complex.

27. Ms. Pepper was informed by the employee / apartment management that the rent was $800.00 per month.

28. Ms. Pepper and the employee/agent of Defendant agreed to meet at the apartment complex on February 27, 2022, to review the unit and sign the lease.

29. In accordance with their text message communications, Ms. Pepper arrived at the Courtyard Apartments Apartment complex to review the unit and sign the lease.

30. Ms. Pepper had her Service Animal with her when she went to review the unit and sign the lease.

31. Upon her arrival, the employee/agent of Defendant, Jeanne, visually observed Ms. Pepper's Service Animal. Defendant's agent/employee had paperwork completed with Ms. Peppers name and personal information, but did not provide the completed paperwork to Ms. Pepper. Instead, Jeanne said that the offer was rescinded.

32. Ms. Pepper had documentation to prove that Stevie was a legitimate Service Animal and offered to show the documentation to Defendant's agent/employee.

33. Defendant's agent/employee said that it "didn't matter" and stated that Ms. Pepper was "not getting" the apartment.

34. With no basis to believe that Ms. Pepper's documentation was fake, Defendant's employee/agent said that Ms. Pepper's Service Animal paperwork could be fake. Jeanne also stated that she did not believe that the owner would approve of a "big dog."

35. Defendant's agent/employee even went so far as to mock the commands Ms. Pepper was using with her Service Animal.

36. Given the overt rejection, and the clear discriminatory response, Ms. Pepper was unable to rent/lease an apartment.

37. By and through its conduct described above, Defendant has discriminated in the sale or rental of a dwelling or has otherwise made unavailable or denied Ms. Pepper access to a dwelling, because of her disability.

38. Alternatively, by and through its conduct described above, Defendant has discriminated in the sale or rental of a dwelling or has otherwise made unavailable or denied Ms. Pepper access to a dwelling, because of its refusal to make a reasonable accommodation in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

39. The conduct described above was intentional and was not a result of bureaucratic error.

40. As a result of the conduct described above, Ms. Pepper was unable to rent/lease the dwelling she desired, and suffered damages in the form of emotional distress, anxiety, humiliation, isolation, invasion of her civil rights, and the social stigma of discrimination.

## CAUSES OF ACTION

First Cause of Action
(Violation of the Fair Housing Act, 42 U.S.C. § 3604(f))

41. Ms. Pepper re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendant has discriminated against Ms. Pepper, an individual with a disability, has discriminated in the sale or rental of a dwelling, or has otherwise made unavailable or denied Ms. Pepper access to a dwelling, because of her Service Animal, in violation of 42 U.S.C. § 3604(f)(1).

43. Defendant has discriminated against Ms. Pepper, an individual with a disability, by refusing to provide a reasonable accommodation(s), in violation of 42 U.S.C. § 3604(f)(3)(B).

44. Defendant have discriminated against Ms. Pepper with intentional, willful, reckless, and/or callous disregard for her civil rights as a person with disabilities.

45. As a result of Defendant's discriminatory conduct, Ms. Pepper has suffered harms including anxiety, frustration, humiliation, embarrassment, disempowerment, segregation, fear,

anxiety, mental anguish, and emotional distress. She has also suffered an invasion of her civil right to be free from housing discrimination based on her disability.

46. Ms. Pepper seeks compensatory and nominal damages and attorney's fees/costs.

47. With regards to nominal damages, it is Ms. Pepper's position that even an award of nominal damages would confer significant civil rights to the public, as a judgment in her favor against Defendant, regardless of the amount, would deter Defendant from discriminating against individuals with disabilities in the future.

Second Cause of Action
(Negligent Training and Supervision)

48. Ms. Pepper re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Under Louisiana law, Defendant Purple Cloth Properties, LLC had a duty to avoid causing injury and harm to Ms. Pepper.

50. Under Louisiana law, Defendant engaged in negligent supervision and training of employee Jeanne, insofar as the supervision and training lapses provided Jeanne with an opportunity to deny Ms. Pepper's request to lease/rent an apartment and/or caused a failure to make a reasonable accommodation. Such lapses were the proximate cause of foreseeable emotional distress / anxiety injury to Ms. Pepper, to whom Defendant owe a duty of care.

51. Upon information and belief, Defendant provided Jeanne with no training or inadequate training related to the Fair Housing Act and/or a housing provider's obligation to make reasonable accommodations to individuals with disabilities.

52. By and through the actions of its employee/agent, Defendant breached its duty to Ms. Pepper.

53. But for the actions of Defendant and its employee, Ms. Pepper would not have suffered the emotional distress damages that are at issue in this Complaint

54. As a result of Defendant's conduct, Ms. Pepper has suffered harms including physical anxiety, frustration, humiliation, embarrassment, disempowerment, segregation, fear, anxiety, mental anguish, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Patience Pepper respectfully requests that this Court enter judgment against the Defendant as follows:

A. Award general and nominal damages to Ms. Pepper to fully compensate her for the injuries and losses caused by Defendant's discriminatory actions and practices, in accordance with 42 U.S.C. § 3613(c)(1);

B. Award general and nominal damages to Ms. Pepper to fully compensate her for the injuries and losses caused by Defendant's negligence;

C. Award Plaintiff reasonable attorneys' fees, costs, and other litigation expenses incurred in prosecuting this action, in accordance with 42 U.S.C. § 3613(c)(2), and

D. Grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues triable by jury under law.

Date: March 24, 2022

Respectfully submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Garret S. DeReus
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EMILY A. WESTERMEIER (LA # 36294)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email:  andrew@bizerlaw.com
            gdereus@bizerlaw.com
            ewest@bizerlaw.com